**Paul GOLD, Plaintiff–Appellant,**

v.

**Barry R. CARUS; Barry R. Carus P.C.; Carus & Manniello P.C.; Michael C. Manniello, f/k/a Carus & Pudaluv P.C., f/k/a Aaron & Carus, P.C., f/k/a Phillip Irwin Aaron, P.C., All Subsidiary Corporations, All Corporate Parents, and Affiliate Companies, Defendants–Appellants.**

No. 04–4352.

United States Court of Appeals, Second Circuit.

May 16, 2005.

Paul Gold, North Merrick, New York, for Appellant, pro se.

Leonard M. Rosenberg (Marianne Monroy, on the brief), Garfunkel Wild & Travis, P.C., Great Neck, New York, for Appellees.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED AND DECREED that the judgment of the district court, entered on July 14, 2004, granting summary judgment in favor of defendants-appellees is hereby AFFIRMED IN PART, VACATED IN PART and REMANDED. Defendants-appellees' motion for sanctions is hereby DENIED.

Plaintiff-appellant Paul Gold, proceeding *pro se*, challenges the district court's award of summary judgment in favor of defendants-appellees on his claims of employment discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–12117, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. We assume familiarity with the facts and prior proceedings, which we reference only as necessary to explain our decision.

## I. *Gold's Summary Judgment Challenge*

We review an award of summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals "no genuine issue as to any material fact" and supports a conclusion that the "moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson*

v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003).

### A. *ADA Claims*

#### 1. *Discrimination*

■ "A plaintiff suing for disability discrimination under the ADA bears the initial burden of establishing a *prima facie* case." *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir.2004). "[T]he *prima facie* burden requires a showing that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id.; see also Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 216 (2d Cir.2001).

The district court concluded that Gold's case failed at the second step of *prima facie* analysis because the record gave "no indication that [defendants were] aware of plaintiff's 'disabilities' until after his employment had ceased." *Gold v. Carus*, No. 01 Civ. 7568, slip op. at 9 (E.D.N.Y. June 15, 2004).[2] Implicit in this ruling, however, was the resolution of a factual dispute between the parties as to whether Gold had, in fact, quit his job on April 5, 1996, before giving notice of his disability on April 6, 1999.[3]

---

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

2. The district court explicitly declined to decide whether Gold had established the first element of a *prima facie* ADA case, i.e., that he suffers from a disability within the meaning of the ADA. *See Gold v. Carus*, No. 01 Civ. 7568, slip op. at 8. As we do not address plaintiff's alleged disability on appeal, nothing in our decision forecloses the district court from revisiting and resolving that issue in further summary judgment proceedings.

3. The district court found that plaintiff "either quit or was fired" prior to April 6, 1999. *Gold v. Carus*, No. 01 Civ. 7568, slip op. at 9. No record evidence indicates that defendants fired plaintiff; to the contrary, defendants explicitly denied doing so. *See* Carus Ltr. of Apr. 19, 1999, at 1 ("Regarding your assertion that we terminated your employment, we respectfully disagree and standby our position that you did quit your employment with the firm."). The only issue before us, therefore, is whether plaintiff quit his job.

At his deposition, Gold specifically disputed defendants' contention that, when he abruptly and angrily left the office on April 5, 1999, he had quit his job. *See* Gold Dep. at 214 ("They took the position that I quit, *which I didn't.*") (emphasis added); *see also id.* ("[T]hey said I quit *when I didn't.*") (emphasis added). Contemporaneous documents from defendants' files offered some corroboration for Gold's assertions. *See, e.g.,* Cummings Mem. of Apr. 6, 1999 (documenting early morning telephone conversation with plaintiff in which he denied having quit his job). Moreover, plaintiff never tendered any formal resignation letter, *see* Gold Dep. at 214; nor did defendants memorialize his alleged resignation prior to April 6, 1999, *cf.* Cummings Ltr. of Apr. 8, 1999 (informing plaintiff that his "employment terminated on April 5, 1999"). Because this evidence, viewed in the light most favorable to Gold as the non-moving party, would permit a reasonable fact-finder to conclude that plaintiff had not quit his job prior to April 6, 1999, the district court could not resolve this dispute and decide, as a matter of law, that Gold failed at the second prong of his *prima facie* case. Accordingly, we are obliged to vacate so much of the award of summary judgment in favor of defendants as pertains to Gold's ADA claim of discrimination and to remand the case for further proceedings.

### 2. *Retaliation*

The district court concluded that Gold's failure to state an ADA claim for discrimination necessarily required dismissal of his ADA claim for retaliation. *See Gold v. Carus,* No. 01 Civ. 7568, slip op. at 12. We must disagree with this analysis for two reasons. First, for reasons just discussed, we reject the conclusion that Gold has failed as a matter of law to state an ADA discrimination claim. Second, as this court has previously ruled, a successful discrimination claim is not a predicate for a retaliation claim. *See Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir.2002); *Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d 224, 234 (2d Cir. 2000); *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155 (2d Cir.1999). Nevertheless, we conclude that summary judgment was appropriately granted in favor of defendants on Gold's ADA claim for retaliation. *See Savin Corp. v. Savin Group,* 391 F.3d 439, 450 (2d Cir.2004) (noting that " 'we may affirm the District Court's order of summary judgment on any ground that finds adequate support in the record' " (quoting *Eichelberg v. Nat'l R.R. Passenger Corp.,* 57 F.3d 1179, 1186 n. 6 (2d Cir.1995))).

The ADA provides that "no person shall discriminate against any individual because such individual ... made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Thus, a *prima facie* retaliation case under the ADA requires, *inter alia,* a showing that "the employee was engaged in an activity protected by the ADA." *Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d at 234; *see also Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d at 159. In this case, Gold does not allege, much less adduce evidence from which a reasonable trier of fact could infer that, prior to discharge, he engaged in any "activity protected by the ADA" by protesting or otherwise opposing statutorily prohibited discrimination. *Cf. Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.2000) (interpreting substantially similar retaliation provision in Title VII, 42 U.S.C. § 2000e–3). Plaintiff's claims sound in straightforward discrimination, not retaliation for opposing discrimination. Therefore, summary judgment was appropriately entered in favor of defendants on the claim of retaliation.

## B. *FMLA Claims*

■ It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615(a), or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]," *id.* § 2615(b); *see also Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d at 160–61. For purposes of the FMLA, "[t]he term 'employer' ... means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

The district court concluded that Gold had failed to adduce any evidence that defendants met the FMLA definition of an "employer." We agree. In fact, payroll records indicate that defendants never employed more than 46 individuals during the relevant period. Accordingly, we affirm the award of summary judgment as it pertains to Gold's substantive and retaliatory FMLA claims.

## II. *Defendants' Motion for Sanctions*

Defendants' motion for sanctions under Fed. R.App. P. 38 is denied. As our decision makes plain, the plaintiff's appeal was not frivolous. *See In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1147 (2d Cir.1993).

In sum, the district court's award of summary judgment, entered on July 14, 2004, is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. Defendants-appellees' motion for sanctions is DENIED.

